UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-443-FDW

| | | |
|---|---|---|
| BRUCE S. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KEVIN INGRAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants Johnathan Holder and Kevin Ingram's Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA, (Doc. No. 34).

### I.  BACKGROUND

Plaintiff filed *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 that passed initial review against Defendants Baker and Smith for deliberate indifference to a serious medical need, against Defendants Ingram and Holder for the use of excessive force, and against Ingram for unconstitutional conditions of confinement and retaliation. (Doc. Nos. 11, 19). NCDPS waived service of process for Defendants Ingram and Holder, and Defendants Baker and Smith were served by the U.S. Marshal. (Doc. Nos. 26, 27, 31 33). Defendants Holder and Ingram have filed a Motion to Dismiss asserting lack of exhaustion. (Doc. No. 34). The Court issued an Order on January 30, 2019, informing Petitioner of his right to respond to Defendants' Motion and cautioned him that failure to do so may result in dismissal. (Doc. No. 37). Plaintiff has not filed a response.

**(1)  Amended Complaint** (Doc. No. 11)

1

Plaintiff filed this § 1983 suit about conditions that he allegedly experienced while he resided at Lanesboro C.I. Plaintiff alleges that he has medical conditions include stroke and head injury that result in loss of equilibrium, lack of stability, forgetfulness, shaking hands, and periods of paralysis and slurred speech. He claims that he has been deprived of a doctor-ordered shower chair since May 23, 2017 and has been denied a nurse's assistance in showering and feeding himself. Plaintiff further claims that Defendant Smith allows doctors to falsify medical records.

Plaintiff claims that, on January 22, 2018, Ingram maced him and punched him when he fell out of his wheelchair. On another occasion, Sergeant Holder swung his stick like a bat at Plaintiff's head, making Ingram laugh while Plaintiff was chained. He also claims that Ingram is denying him the assistance and equipment which allow him to move around in a wheelchair, shower, eat, and drink, due to his medical conditions including stroke, and that Ingram had him transferred back to Lanesboro C.I. from a medical camp, beat him, and put him in the "hole" in retaliation for having filed this lawsuit.

Plaintiff does not separately address exhaustion of administrative remedies in the Amended Complaint, but rather refers to the original Complaint in which he states that he submitted grievances and grievance appeals, however, he has not received responses. (Doc. No. 11 at 2); see (Doc. No. 1 at 2).

**(2)** **Motion to Dismiss** (Doc. No. 34)

Defendants Holder and Ingram[1] argue that Plaintiff was required to exhaust NCDPS's three-step administrative inmate grievance procedure. Plaintiff was fully aware of the administrative remedy procedure process because it is part of inmate orientation, is explained to

---

[1] Although Defendants Smith and Baker had not yet requested representation by the State at the time the Motion to Dismiss was filed, the State argues, the Motion to Dismiss arguments apply equally to them. (Doc. No. 35 at 2).

2

each inmate, and Plaintiff filed multiple other grievances on unrelated matters. The factual allegations Plaintiff has raised run roughly from January 11, 2018 to February 21, 2018 when Plaintiff filed his Amended Complaint. Plaintiff has not exhausted any of his claims through the administrative remedies by completing all three steps of appeal as required by NCDPS's administrative remedy procedure. Plaintiff exhausted two grievances between 2017 and 2018; the first, filed on March 21, 2017, predates the relevant time period and relates to Plaintiff's complaint that his request for an orderly to push him around in his wheelchair had not yet been processed by the Lanesboro C.I. medical department. The second, filed on April 16, 2017, also predates the relevant time period and relates to an earlier grievance he had filed in March 2017 relating to staff corruption for which he had not received a response. There are no other exhausted grievances by Plaintiff and none for the incidents in question at Lanesboro C.I. Even if Plaintiff could file a grievance today about these claims, it would be untimely under NCDPS policy. Because Plaintiff cannot demonstrate that he exhausted his administrative remedies related to his excessive force claim, the Amended Complaint should be dismissed with prejudice. Moreover, the record demonstrates that Plaintiff failed to exhaust administrative remedies on his deliberate indifference claims against Defendants Smith and Baker and therefore the Amended Complaint should be dismissed as to them as well.

**(3)** **Plaintiff's Response**

The Court issued an Order on January 30, 2019 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), instructing Plaintiff regarding his right to respond to Defendants' Motion and cautioning Petitioner that failure to do so may result in the relief they seek. (Doc. No. 37). The Court's Order was returned as undeliverable on February 21, 2019, and the Court re-mailed the Order to Plaintiff on March 5, 2019. (Doc. No. 38). Plaintiff has not responded to the Motion to

Dismiss to date.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

## III.    DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516 (2002). Exhaustion is mandatory. Id. at 524 (citation omitted); Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil action in

order to further the efficient administration of justice. Id. A prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. It is well settled that a grievance does not have to mention a defendant by name so long as the grievance gives the defendant fair notice of the claim. See Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (NCDPS's administrative remedy procedure does not require a plaintiff to name each defendant in his grievances). However, regardless of whether a particular defendant is named in a grievance, if the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant is appropriate. See Davidson v. Davis, 2015 WL 996629 at *3 (W.D.N.C. Mar. 6, 2015) (citing Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004)).

NCDPS policy has a three-step administrative remedy procedure that requires an inmate to complete all three steps.[2] Each step of grievance review has a time limit during. NCDPS Policy & Procedures .0307(f). A grievance may be rejected at any level if there has been a time lapse of more than 90 days between the alleged event and submission of a grievance. NCDPS Policy &

---

[2] The Court takes judicial notice of this portion of NCDPS's Policy and Procedures as a matter of public record. See Fed. R. Ev. 201.

Procedures .0306(c)(2). If an inmate does not receive a response within the time to do so at any step, the absence of a response is deemed a denial which the inmate may then appeal. NCPS Policy & Procedures .0307(f)(5).

Defendants argue that Plaintiff did not exhaust any grievances addressing Defendants' alleged actions relevant to the Amended Complaint, and that the claims against Defendants Ingram and Holder should be dismissed with prejudice because any grievance addressing their alleged actions would now be time-barred. Plaintiff has not responded to the Motion to Dismiss and offers no explanation for his failure to pursue remedies through all levels of the grievance process in accordance with NCDPS Policy & Procedure, which provides for appeal notwithstanding the lack of a timely response. Plaintiff has failed to put NCDPS on fair notice of his claims against any of the Defendants. Further, he does not dispute Defendants Ingram and Holder's assertion that any attempts to exhaust the claims against them would now be time-barred. Defendants' Motion will therefore be granted and the Amended Complaint will be dismissed with prejudice as to Defendants Ingram and Holder, and without prejudice as to Defendants Smith and Baker.

## IV. CONCLUSION

In sum, for the reasons stated herein, Defendants' Motion to Dismiss will be granted. The dismissal will be with prejudice as to Defendants Ingram and Holder and without prejudice as to Defendants Smith and Baker.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Ingram and Holder's Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA, (Doc. No. 34), is **GRANTED** with prejudice as to Defendants Ingram and Holder and without prejudice as to Defendants Smith and Baker.

2. The Clerk of Court is instructed to close this case.

Signed: March 20, 2019

Frank D. Whitney
Chief United States District Judge